### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF NORTH CAROLINA
### GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| TOMMY W. GARLAND, | ) | |
| | ) | Case No. 03-10360 |
| Debtor. | ) | |
| | ) | |
| TOMMY W. GARLAND, | ) | |
| | ) | |
| Plaintiff. | ) | |
| | ) | |
| v. | ) | Adversary No. 09-02068 |
| | ) | |
| HOUSEHOLD REALTY | ) | |
| CORPORATION, HOMECOMINGS | ) | |
| FINANCIAL, LLC, GMAC MORTGAGE, | ) | |
| LLC, DECISION ONE MORTGAGE | ) | |
| COMPANY, LLC, and JPMORGAN | ) | |
| CHASE BANK, NATIONAL | ) | |
| ASSOCIATION, f/k/a BANK ONE | ) | |
| NATIONAL ASSOCIATION, | ) | |
| | ) | |
| Defendants. | ) | |

### <u>MEMORANDUM OPINION</u>

This case came before the Court on October 27, 2009, for hearing on a motion to dismiss this adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7012(b)(6), filed by Homecomings Financial, LLC, GMAC Mortgage, LLC and JPMorgan Chase Bank, National Association, f/k/a Bank One National Association (the "Defendants"). John T. Benjamin, Jr., appeared on behalf of the Defendants. Phillip E. Bolton appeared on behalf of the Plaintiff.

On July 1, 2009, the Plaintiff filed his Complaint to Determine the Extent of Defendants' Lien and for Declaratory Judgment. On August 31, 2009, the Defendants' filed their Motion to

Abate, Motions to Dismiss, Answer and Affirmative Defenses, as well as their Memorandum of Law

in Support of their Motion to Abate and Motions to Dismiss. The Defendants' motions to dismiss

hinge on the argument that the facts asserted in the complaint show that certain certificates of

satisfaction are invalid. Having considered the complaint and the attached exhibits, the Defendants'

motions, and the arguments of counsel, the Court finds that the allegations in the complaint, and the

attached exhibits, do not, on their face, show that the certificates of satisfaction are invalid.

Therefore, the Defendants' motions to dismiss will be denied.

## I.  JURISDICTION

The Court has jurisdiction over the subject matter of this proceeding pursuant to 28 U.S.C.

§§ 151, 157 and 1334, and the General Order of Reference entered by the United States District

Court for the Middle District of North Carolina on August 15, 1984.  This is a core proceeding

within the meaning of 28 U.S.C. § 157(b)(2)(K), which this Court has the jurisdiction to hear and

determine.

## II. FACTS

The complaint contains four causes of action, all of which relate to real property located

at 609 Memphis Street, Greensboro, North Carolina.[1] The relevant facts, for purposes of this

motion, come from the Plaintiff's complaint and are set forth below.

The Plaintiff filed his chapter 13 bankruptcy petition on January 31, 2003. On April 4,

2003, Homecomings Financial, LLC ("Homecomings") filed a proof of claim, indicating a

secured claim against the real property at 609 Memphis Street. On June 30, 2003, the Plaintiff's

---

[1]     In analyzing a motion to dismiss under Rule 12(b)(6), the Court must take all of the
factual allegations in the complaint as true. See Monroe v. City of Charlottesville, 579 F.3d 380
(4th Cir. 2009).

chapter 13 plan was confirmed. Homecomings' claim was found to be a continuing long term secured debt.

A subsequent search of the official records of the Guilford County Register of Deeds revealed that on December 28, 1989, a General Warranty Deed was recorded, naming the Debtor as grantee. On January 19, 2000, a deed of trust was executed and recorded naming the Debtor as grantor and Household Realty Corporation ("Household") as the beneficiary. On September 21, 2001, Household executed and recorded a Cancellation of Deed and Certificate of Satisfaction. On September 25, 2001, Household executed and recorded a second Cancellation of Deed and Certificate of Satisfaction with respect to the real property. Homecomings failed to include either of the recorded certificates of satisfaction with its proof of claim.

The complaint alleges that the September 21 certificate of satisfaction complied with N.C.G.S. § 45-36.10. It also states that "[a]s of the date of this complaint, the records . . . show that the deed of trust held originally by Household Realty Corporation . . . is cancelled . . . and the security interest is terminated." (Compl. ¶ 13.)

The complaint also states that the record search revealed an assignment of the above deed of trust, recorded on June 10, 2003. The assignment was attached to the complaint as Exhibit E. It was executed by Decision One Mortgage Company, LLC ("Decision One"), as grantor, naming Bank One National Association ("Bank One") as trustee. Although the document was recorded in 2003, it stated that Decision One transferred its interest in the real property on June 15, 2000, before the certificates of satisfaction were recorded.

The complaint states that the Defendants Decision One and JPMorgan Chase Bank (formerly Bank One), "have, on the record. . ., been assigned or transferred a potential interest in

the cancelled deed of trust," and "may claim to hold an interest in the promissory note executed

by the Plaintiff to Household Realty Corporation." (Compl. ¶ 35.) The complaint further states

that "there was no debt remaining at the purported time of assignment." (Compl.  ¶ 37.) Thus, the

complaint states that the "Plaintiff is entitled to a finding that any claim made by Decision One . .

. and/or JPMorgan . . . is also cancelled . . ." (Compl. ¶ 38.)

### III. DISCUSSION

In a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts set forth in the

exhibits attached to the complaint." <u>Jeffrey M. Brown Associates, Inc. v. Rockville Center Inc.</u>, 7

Fed. Appx. 197, 202 (4th Cir. 2001); <u>see also</u> Fed. R. Civ. P. 10(c) ("A copy of a written

instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). "'[I]n the

event of conflict between the bare allegations of the complaint and any exhibit attached pursuant

to Rule 10(c) ... the exhibit prevails.'" <u>Id.</u> (quoting <u>Fayetteville Investors v. Commercial</u>

<u>Builders, Inc.</u>, 936 F.2d 1462, 1465 (4th Cir. 1991)).

The Defendants' argue that "[o]n its face the Plaintiff's Action fails because the

Certificates of Satisfaction are not valid." (Def.'s Mem. 5.) This argument hinges on Exhibit E to

the complaint – the June 10, 2003, assignment by Decision One.

The assignment states that the "date of transfer" was "6-15-2000." Thus, the Defendants

argue that the "assignment plainly states that the deed of trust was assigned to Bank One,

National Association, as Trustee on June 15, 2000." (Def.'s Mem. 5.) They argue that Household

was no longer the owner and holder of the subject note and deed of trust as of that date.

Therefore, the Defendants argue that when Household executed and recorded the certificates of

satisfaction, it had no ownership interests, and the certificates are not valid.

4

To be valid, a certificate of satisfaction must be signed by the secured creditor. N.C. Gen. Stat. § 45-36.10(a)(5). However, contrary to the Defendants' argument, neither the complaint nor the attached exhibit asserts that a valid transfer occurred on June 15, 2000.

The exhibits attached to the Plaintiff's complaint are all the documents uncovered from searching the Guilford County Register of Deeds' records. Under Rule 10(c), these exhibits are incorporated into the Plaintiff's complaint. Thus, for purposes of a motion to dismiss under Rule 12(b)(6), this Court must treat Exhibit E as accurately reflecting what was recorded in the Guilford County Register of Deeds on June 10, 2003.

Exhibit E is a document, executed and recorded by a Defendant in this adversary proceeding, that states that a transfer by Decision One occurred on June 15, 2000. However, there is nothing in the complaint or attached exhibits that shows or reflects that Decision One was ever assigned an interest in the real property by Household or any other entity. Moreover, this Court finds no allegation in the body of the complaint, or the attached exhibits, that a valid transfer did in fact occur on June 15, 2000. In fact, the complaint specifically alleges that Decision One's assignment "is void or of no consequence as there was no debt remaining at the purported time of assignment."

Whether or not a valid transfer of the note and deed of trust actually occurred on June 15, 2000, involves a factual issue that this court cannot determine in a motion to dismiss under Rule 12(b)(6).

## IV.  CONCLUSION

The Defendants' motions to dismiss under Rule 12(b)(6) rely on the argument that

5

certificates of satisfaction are invalid because Household was not the secured creditor when they were executed and recorded. Defendants' base this argument on the contention that the Plaintiff, by attaching to the complaint the assignment recorded on June 10, 2003, has alleged that the purported transfer did in fact occur. However, the complaint expressly contests the validity of the attached assignment and Exhibit E does not support Defendants' argument.

Taking all of the facts alleged in the complaint and the attached exhibits, it is not clear that the certificates of satisfaction are invalid. Therefore, the Defendants' motions to dismiss will be denied. An order so providing is being entered contemporaneously with the filing of this memorandum opinion.

This 10th day of November, 2009.

WILLIAM L. STOCKS
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF NORTH CAROLINA
## GREENSBORO DIVISION

IN RE:                                    )
                                          )
TOMMY W. GARLAND,                         )
                                          )          Case No. 03-10360
      Debtor.                      )
_____)
                                          )
TOMMY W. GARLAND,                         )
                                          )
      Plaintiff.                   )
                                          )
v.                                        )          Adversary No. 09-02068
                                          )
HOUSEHOLD REALTY                          )
CORPORATION, HOMECOMINGS                  )
FINANCIAL, LLC, GMAC MORTGAGE,            )
LLC, DECISION ONE MORTGAGE                )
COMPANY, LLC, and JPMORGAN                )
CHASE BANK, NATIONAL                      )
ASSOCIATION, f/k/a BANK ONE               )
NATIONAL ASSOCIATION,                     )
                                          )
      Defendants.                  )
_____)


## PARTIES IN INTEREST

John T. Benjamin, Jr., Esquire

Phillip E. Bolton, Esquire

Michael D. West, Bankruptcy Administrator

7